FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Michael J. Daly, Esq. as Trustee for the Estate of Aspetuck Associates, Inc. | DEFENDANTS<br>Labor Ready, Inc. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Neubert, Pepe & Monteith, P.C., Attn: Louis J. Testa, Esq.<br>195 Church St, 13th Floor, New Haven, CT 06510<br>(203)821-2000 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance and recovery of Preferential Transfers
Disallowance of Claim. 11 USC Sections 502(d), 547 and 550.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference (1)
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other (2)

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) (3)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 7,224.45 |

Other Relief Sought

(see above)

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Aspetuck Associates, Inc. | | BANKRUPTCY CASE NO.<br>04-35431 (ASD) |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISIONAL OFFICE<br>New Haven | NAME OF JUDGE<br>Albert S. Dabrowski |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>November 15, 2006 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Louis J. Testa | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re | : | CHAPTER 7 |
| ASPETUCK ASSOCIATES, INC. | : | CASE NO 04-35431(ASD) |
| Debtor. | : | |
| | x | |
| MICHAEL J. DALY, ESQ.<br>As Trustee for the Estate of Aspetuck Associates, Inc. | : | ADV. PRO. NO. |
| Plaintiff, | : | |
| vs. | : | |
| LABOR READY, INC. | : | |
| Defendant | : | |
| | x | |

## **COMPLAINT**

Plaintiff, Michael J. Daly, Esq., as Trustee for the Estate of Aspetuck Associates, Inc. ("Plaintiff" or "Trustee"), complaining against defendant, Labor Ready, Inc. ("Defendant"), alleges as follows:

1. This Complaint initiates an adversary proceeding pursuant to §§, 547, 550 and 502(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Bankruptcy Code"), and Federal Rule of Bankruptcy Procedure 7001(1), to (a) avoid preferential transfers, (b) recover property or the value of property for the benefit of the estate, and (c) determine the extent, if any, of the allowance of claims against the estate.

**Jurisdiction and Venue**

2. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b) and 157(a) and (b).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),(B), (F) and (O).

4. Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1409(a).

**Parties**

5. Debtor, Aspetuck Associates, Inc. ("Debtor"), at all times hereinafter mentioned, was and is a corporation duly organized, chartered and existing under and by virtue of the laws of the State of Connecticut formerly maintaining an office and principal place of business at 300 Chase River Road, Waterbury, CT.

6. On November 22, 2004 ("Petition Date") the Debtor filed a voluntary petition in bankruptcy under Title 11, Chapter 7, U.S.C. in the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Case").

7. Plaintiff is the duly appointed Trustee of the estate of the Debtor.

8. Upon information and belief, and at all times hereinafter mentioned, Defendant was and is a foreign corporation organized, chartered and existing under and by virtue of the laws of the State of Washington, maintaining an office and place of business at 1016 South 28th Street, Tacoma, Washington 98409.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

9. Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs "1" through "8" above.

10. Pursuant to 11 U.S.C. § 547, the Plaintiff seeks to avoid all preferential transfers made by the Debtor to Defendant during the ninety (90) days immediately preceding the commencement of the Bankruptcy Case from August 24, 2004, to the Petition Date (the "Preference Period"). At all times during the Preference Period, Defendant was a creditor of Plaintiff.

11. During the Preference Period, the Debtor transferred to Defendant, an unsecured creditor, the aggregate sum of $7,224.45 in the form of payments on invoices issued by Defendant to the Plaintiff for services rendered or goods sold and delivered.

12. Following an analysis of the transactions during the Preference Period, the Plaintiff has ascertained that the sum of $7,224.45 (the "Transfers") constitutes the amount of avoidable transfers recoverable by the estate from the Defendant under 11 U.S.C. § 547.

13. The Transfers were for, or on account of, an antecedent debt owed by the Debtor to Defendant before the Transfers were made.

14. The Transfers were made at a time when Debtor was insolvent. Due to the fact that the Transfers occurred within ninety (90) days prior to the Petition Date, the Debtor is presumed to have been insolvent pursuant to 11 U.S.C. § 547(f).

15. The Transfers enabled Defendant to receive more than it would have as a creditor if:

    a. The Transfers had not been made; and

    b. The Defendant received payments of its debt to the extent provided by the provisions of the Bankruptcy Code.

16. By reason of the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547, in addition to any sums later discovered to have been transferred to Defendant according to proof adduced at trial.

17. In the event that it is discovered that the Debtor transferred additional sums to Defendant during the Preference Period that have not been addressed by this Complaint, the Plaintiff specifically reserves its right to amend this Complaint to avoid and recover such sums from Defendant upon such discovery.

## SECOND CLAIM FOR RELIEF
### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)

18. Plaintiff repeats, restates, and reiterates each and every allegation in paragraphs "1" through "17" above.

19. Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 547, the Trustee may recover the property or the value of the property transferred from the entity to whom, or for whose benefit, the transfer was made.

20. By reason of the foregoing, the Plaintiff is entitled to recover from Defendant the amount of the Transfers in addition to any sums later discovered to have been transferred to Defendant according to proof adduced at trial.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

21. Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs "1" through "20" above.

22. Pursuant to 11 U.S.C. § 502(d), the Court shall disallow the claim of any entity from which property is recoverable under 11 U.S.C. § 550, or that is the transferee

of a transfer avoidable under 11 U.S.C. § 547, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable.

23.   Upon information and belief, the Defendant may be the holder of a general unsecured claim against the Debtor ("Claim").

24.   Upon information and belief, the Defendant is the transferee of various transfers that are avoidable under 11 U.S.C. § 547.

25.   By reason of the foregoing, sufficient cause exists, pursuant to 11 U.S.C. § 502(d), to disallow the Claim.

WHEREFORE, Plaintiff, Michael J. Daly, Esq., as the Trustee for the Estate of Aspetuck Associates, Inc., demands judgment against Defendant, Labor Ready, Inc. as follows:

As to the First Claim for Relief

- Entry of judgment, pursuant to 11 U.S.C. § 547, avoiding preferential transfers made by the Debtor to the Defendant in the amount of $7,224.45 together with prejudgment interest thereon; and

As to the Second Claim for Relief

- Entry of judgment, pursuant to 11 U.S.C. § 550(a), in favor of Plaintiff and against the Defendant in the amount of $7,224.45 representing the amount of the preferential transfers made by the Debtor to Defendant of the Debtor's interest in property from August 24, 2004 thru November 22, 2004, together with prejudgment interest thereon; and

As to the Third Claim for Relief

- Entry of judgment, pursuant to 11 U.S.C. § 502(d), in favor of Plaintiff and against the Defendant disallowing the unsecured claim of the Defendant in this case; and

- For all costs and disbursements of this action, including reasonable actual attorney fees as may be allowed by the Court, and for such other and further relief as to the Court may seem just and proper.

Dated this 15th day of November, 2006
New Haven, Connecticut

> MICHAEL J. DALY, ESQ.
> As Trustee for the Estate of
> Aspetuck Associates, Inc.
>
> By: _____
> Louis J. Testa, Esq. (ct22342)
> Neubert, Pepe & Monteith, P.C.
> 195 Church Street, 13th Floor
> New Haven, CT 06510
> (203) 821-2000
> Attorneys for Plaintiff